# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>ZTE CORPORATION,<br><br>*Defendant.* | Civil Action No.:6:22-cv-00138<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff"), by and through its attorneys, complains of Defendant ZTE Corporation ("ZTE" or "Defendant"), and alleges the following:

### THE PARTIES

1. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

2. On information and belief, Defendant Zhongxing Telecommunications Equipment (abbreviated as "ZTE") Corporation is a Chinese corporation that does business in Texas, directly or through intermediaries, with a principal place of business at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, China.

### JURISDICTION

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). ZTE has committed acts of patent infringement in this District, and has an established place of business in this District.

7. Venue is proper as to ZTE, which is organized under the laws of China. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

## PATENT-IN-SUIT

8. Plaintiff is the owner of all right, title and interest in United States Patent No. 7,477,876 (the "Patent-in-Suit" or "the '876 Patent"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '876 PATENT

9. The '876 Patent is entitled "Method, apparatus and computer program for user equipment access channel procedures," and issued on January 13, 2009. The application leading to the '876 Patent was filed on November 2, 2001. A true and correct copy of the '876 Patent is attached hereto as <u>Exhibit 1</u> and incorporated herein by reference.

10. The '876 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '876 PATENT

11. Plaintiff incorporates the above paragraphs herein by reference.

12. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '876 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '876 Patent also identified in the charts incorporated into this Count below (the "Exemplary '876 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '876 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13. For example, ZTE offers for sale and sells the Exemplary Defendant Products on ZTE's website.






https://na.ztedevices.com/products/zte-axon-30; https://na.ztedevices.com/products/axon-30-ultra.

14. As another example, ZTE supplies, ships, and imports the Exemplary Defendant Products into the United States.

4

# Zte Corp
## Bill of Lading Import Records

### Address and Contact Info

- ZTE Corporation
  Zte Plaza,Keji Road South, Hi Tech Industrial Park,Nanshan Shenzhen, 518057 CN
- ZTE CORPORATION
  ZTE PLAZA, KEJI ROAD SOUTH, HI-TECH INDUSTRIAL PARK, NANSHAN DISTRICT
- ZTE CORPORATION
  ZTE PLAZA, KEJI ROAD.SOUTH, HI-TECH INDUSTRIAL PARK, NANSHAN DISTRICT SHENZHEN, P. R. CHINA
- ZTE CORPORATION
  ZTE PLAZA, KEJI ROAD. SOUTH, HI-TECH INDUSTRIAL PARK, NANSHAN DISTRICT SHENZHEN, P. R. CHINA
- ZTE CORPORATION
  ZTE PLAZA, KEJI ROAD.SOUTH, HI-TECH INDUSTRIAL PARK, NANSHAN DISTRICT SHENZHEN, P. R. CHINA

- SHENZHEN, P.R.CHINA [Telephone Number, ZTE CORPORATION]
- C.G.C : 74404229/0005-51 [Telephone Number, ZTE CORPORATION]
- C.G.C : 74404229/0005-51 [Telephone Number, ZTE CORPORATION]
- C.G.C : 74404229/0005-51 [Telephone Number, ZTE CORPORATION]

A summary of customers, suppliers, and logistics partners for the latest 50 U.S. imports by **Zte Corp** are presented below. In total, 132 import manifest records have been entered for Zte Corp since January 2018. Click the shipment ID for full *Bill of Lading* information. Additional pages of BOL records may be accessed using the pagination feature at the bottom.

### Customers

| | | |
|---|---|---|
| COMUNICACION CELULAR SA | | 12 |
| ZTE USA INC | RICHARDSON TX US | 12 |
| COMUNICACION CELULAR SA NIT 800 | | 4 |
| TM WIRELESS DBA TM CELL | DORAL FL US | 3 |
| METRO FIBERNET, LLC | EVANSVILLE IN US | 2 |
| DIGICEL TCI LTD | GRAND TURK TC | 2 |
| ZTE CANADA INC | NORTH YORK ON CA | 2 |

Shipments [click ID for full details]

| Shipment ID | Supplier | Notified Party [Logistics] | Receiver / Consignee |
|---|---|---|---|
| 2020092264140 | ZTE CORPORATION<br>ZTE PLAZA,KEJI ROAD SOUTH,HI-TECH<br>[Departure Port] Yantian,China (Mainland) | | ZTE USA, INC.<br>2425 N. CENTRAL EXPY, SUITE 800,<br>Los Angeles, California [Arrival Port] |
| TCLU5897888 [1] | ZW20 GIZMO SMART WATCH | 23 pcs   2020-09-21 | |

5

https://import.report/company/Zte-Corp/page/1



https://sec.report/CIK/0001445156

15. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '876 Patent Claims, by having its employees internally test and use these Exemplary Products.

6

16. **Actual Knowledge of Infringement**. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged herein.

17. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '876 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '876 Patent. *See* Exhibit 2 (described below).

18. **Induced Infringement**. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '876 Patent, literally and/or by the doctrine of equivalents, by selling Exemplary Defendant Products to its customers for use in end-user products in a manner that infringes one or more claims of the '876 Patent.

19. **Contributory Infringement**. Defendant has committed, and continues to commit, contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly selling the Exemplary Defendant Products that when used cause the direct infringement of one or more claims of the '876 Patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '876 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

20. Defendant therefore actively, knowingly, and intentionally has been and continues to materially contribute to its customers' infringement of the '876 Patent, literally and/or by the doctrine of equivalents, by selling Exemplary Defendant Products to them for use in end user products in a manner that infringes one or more claims of the '876 Patent. The Exemplary

Defendant Products are especially made or adapted for infringing the '876 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs and Exhibit 2, the Exemplary Defendant Products contain functionality which is material to at least one claim of the '876 Patent.

21. Exhibit 2 includes charts comparing the Exemplary '876 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '876 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '876 Patent Claims.

22. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

23. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

24. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '876 Patent is valid and enforceable;

B. A judgment that Defendant has infringed one or more claims of the '876 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement with respect to the '876 Patent;

E. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is

      entered with respect to the '876 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F.     A judgment that awards Plaintiff ongoing royalties for Defendant's continued direct and/or indirect infringement of the '876 Patent;

G.     And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs and expenses that it incurs in prosecuting this action; and

    iii.     that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 8, 2022

STECKLER WAYNE COCHRAN CHERRY PLLC

*/s/ Mark D. Siegmund*
Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
8416 Old McGregor Road
Waco, TX 76712
T: (254) 651-3690
F: (972) 387-4041

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT**